## UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

### No. 95-60105
### Summary Calendar

_____

**STEVEN BRUCE MASON,**

                                                    **Petitioner,**

**versus**

**UNITED STATES PAROLE COMMISSION,**

                                                    **Respondent.**

_____

### Appeal from the United States Parole Commission
### (08125-008)

_____

(September 25, 1995)

Before JOLLY, JONES and STEWART, Circuit Judges.

PER CURIAM:[*]

        Steven Bruce Mason ("Mason") was arrested, convicted, and sentenced in Mexico for the offense of robbery with violence. Pursuant to a transfer treaty between this country and Mexico, he is now imprisoned in the United States. Mason complains that the Parole Commission committed plain error when it refused to reduce his sentence because of the abuse he suffered at the hands of foreign officials and his acceptance of responsibility for his crime. Because we find no such plain error, the determination of the Parole Commission is affirmed.

---

        [*] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

# I. FACTUAL BACKGROUND

On October 30, 1992, Mason entered a branch of the Banco Nacional de Mexico in Tijuana and, armed with a revolver, demanded money from a teller. When the teller unlocked her cash drawer, Mason leapt over the counter and took $1,761 in U.S. currency and 14,820 new pesos. However, before he could escape the bank, Mason was apprehended by a bank guard and arrested.

Convicted in Mexico of the crime of robbery with violence, Mason was sentenced to ten years in jail and was ordered to pay a fine of 4,665.50 new pesos. After appeal, his sentence was reduced to eight years and his fine, to 3,990 new pesos.

Pursuant to the Treaty on the Execution of Penal Sentences ("Transfer Treaty") between the United States and Mexico,[1] Mason was transferred to this country and incarcerated in the FCI-La Tuna, Texas. Under the Transfer Treaty, the Parole Commission has authority to determine the release date for prisoners convicted under foreign laws and transferred to the United States.[2] Prior to Mason's hearing before the Commission, a Parole Commission examiner had calculated Mason's offense level as 24 and his criminal history as Category VI, with guidelines of

---

[1] Transfer Treaty, Nov. 25, 1976, U.S.-Mex., 28 U.S.T. 7401, T.I.A.S. No. 8718.

[2] *See* 18 U.S.C. § 4106A (1988). The Parole Commission's determination of the release date is structured by the Sentencing Guidelines.

2

100-125 months.[3]  During the hearing, Mason's attorney argued that the Mexican sentence, 96 months, was the longest prison term that Mason could serve and requested a downward departure from that term for the abuse Mason suffered at the hands of foreign officials and because he accepted responsibility for his crime.

After considering this request, the Parole Commission declined to depart downward and found that Mason's imprisonment should continue until expiration of his Mexican sentence, less prison time credits,[4] and that he then serve a 32-month supervised release.  The Commission reasoned that Mason was not entitled to a downward departure because his Mexican sentence was significantly shorter than the analogous sentence under the Sentencing Guidelines; stated otherwise, Mason's actual sentence was less than it would have been under the Guidelines even had his downward departure been granted.  Mason's attorney did not object to the release date set by the Commission at any time during the hearing.

## II.  DISCUSSION

The parties agree that the Parole Commission's determination of Mason's release date must be reviewed for plain error.  Under plain error review, the petitioner must demonstrate three factors before this court can correct a forfeited error: (1) there was an error; (2) it was clear or obvious; and (3) this

---

[3]     Mason has a career of criminal activity.  Convicted of six prior offenses, including five bank robberies, Mason has also repeatedly absconded from supervised parole.

[4]     *See* 18 U.S.C. § 4105© (1988) (explaining formula for release date).

3

error affected the substantial rights of the petitioner. *United States v. Calverley,* 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc) (*citing United States v. Olano,* ___ U.S. ___, 113 S. Ct. 1770, 1776-79 (1993)), *cert. denied,* ___ U.S. ___ 115 S. Ct. 1266 (1995). Even if these factors are established, this court will not exercise its discretion to correct the error unless it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Olano,* 113 S. Ct. at 1778.

Because Mason does not prove that the Parole Commission plainly erred when it determined his release date, this court affirms the determination of the Commission. Indeed, Mason has not even satisfied his initial burden of demonstrating that the Commission actually erred. While this court agrees that the maximum sentence that the Commission could impose on Mason is the expiration of the foreign sentence, less good time credits, the Commission did not err in refusing to depart downward from this maximum. *See Roeder v. U.S. Parole Comm'n,* No. 93-4114, unpub. op. at 5 (5th Cir. Sept. 10, 1993), *reported at* 5 F.3d 529 (table) (holding that while the Mexican sentence was the maximum, it was not error to decline to depart downward); *Lara v. U.S. Parole Comm'n,* 990 F.2d 839, 841 n.4 (5th Cir. 1993) (noting that the Parole Commission did not err when it refused to depart downward from a Mexican sentence that was set far below the analogous offense under the Guidelines). *See also, United States v. Buenrostro,* 868 F.2d 135 (5th Cir. 1989) (affirming refusal to depart downward since such refusal did not violate any law).

4

These cases furnish no authority for requiring the Commission to adjust the foreign sentence, when it is less than the applicable domestic guidelines for an analogous offense, to recognize torture or acceptance of responsibility.[5]  In any event, the sentence reached by the Parole Commission is certainly no miscarriage of justice.

This court **AFFIRMS** the release date determination of the Parole Commission.

---

[5]  This court is singularly unimpressed with the public defender's having agreed to an analogous career offender guideline of 100-125 months before the Parole Commission, only to call that determination "plain error" in this court.  We expect a higher level of expertise and preparedness from this office.